IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL BECKNELL | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 5:20-CV-1401 |
| VIKING ENTERPRISES, INC. d/b/a CITY AMBULANCE SERVICES, and MOHAMAD MASSOUD, | § § § § | |
| Defendants. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

For his Original Complaint against Defendant Viking Enterprises, Inc. d/b/a City Ambulance Services and Defendant Mohamad Massoud, Plaintiff Michael Becknell shows the following:

### Introduction

1. Plaintiff brings this action under the Fair Labor Standards Act to recover unpaid wages, including unpaid overtime, for all hours worked. Plaintiff is employed by Defendants as an EMT-B. Throughout his employment, he has regularly worked extensive amounts of overtime (*i.e.*, hours over forty each week). Defendants willfully violated the FLSA by misclassifying Plaintiff and other EMTs as independent contractors and by not paying Plaintiff an overtime premium for hours worked over forty each week. Plaintiff now sues for unpaid wages, liquidated damages, and all other relief to which he is entitled.

1

## Parties

2. Plaintiff Michael Becknell is an individual currently residing at 600 Ricochet Drive, Fort Worth, Texas 76131. He may be served with papers through the undersigned counsel.

3. Defendant Viking Enterprises, Inc. d/b/a City Ambulance Services is a corporation organized under the laws of the State of Texas. It may be served with process through its Registered Agent, Mohamad Massoud, at 7007 Wimbledon Estates Dr., Spring, Texas 77379.

4. Defendant Mohamad Massoud is an individual residing in Houston, Harris County, Texas. He may be served with Process at 7007 Wimbledon Estates Dr., Spring, Texas 77379.

## Jurisdiction and Venue

5. The Court possesses subject matter jurisdiction over this case because Plaintiff asserts claims under the Fair Labor Standards Act. Accordingly, the Court possesses subject matter jurisdiction under 28 U.S.C. Section 1331. Venue is proper in the Western District of Texas, San Antonio Division, because Plaintiff worked for Defendants within the geographic confines of the Western District (including the San Antonio Division) and because Defendants maintains operations within the Western District of Texas and the San Antonio Division.

## Statement of Facts

6. Defendant Viking Enterprises operates an ambulance service in various cities across Texas. At all times relevant to this lawsuit, Viking has been an employer within the meaning of the Fair Labor Standards Act, and has had gross annual sales in excess of $500,000.00. Viking is owned, operated, and managed by Defendant Mohamad Massoud, who was directly responsible for the illegal pay practices complained of in this lawsuit. As such Defendant Massoud is likewise an employer within the meaning of the FLSA.

7. Defendants hire and employ EMTs (emergency medical technicians) and paramedics to make ambulance calls, and transport and treat patients. Plaintiff Michael Becknell commenced work for Defendants as an EMT employee in or around February of 2015 in the Dallas/Fort Worth area. However, in or around September of 2018, Defendants converted Plaintiff to full-time contractor status paid on a day-rate basis. Over the ensuing months, Plaintiff was assigned to work at various of Defendants' stations, including those in Round Rock, Hutto, Bastrop, New Braunfels, Midland, and then back to Dallas/Fort Worth. Around August of 2020, Defendants re-converted Plaintiff to employee status and started to pay him again on an hourly basis.

8. Although Defendants at times classified some of the EMTs, including Plaintiff, as contractors, the truth is that all of these individuals were really employees.

9. Regardless of the classification given to the EMTs/Paramedics by Defendants, the evidence will establish that Defendants controlled the details of the work, provided all facilities, supplies and equipment, and the services provided by Plaintiff were integral to Defendants' business. Moreover, Plaintiff had no opportunity for profit and loss. In fact, in prior litigation against Defendants, the U.S. District Court for the Western District of Texas judicially determined that Defendants' EMTs were in fact employees, not contractors.

10. Moreover, Plaintiff and all other EMTs are non-exempt from the minimum wage and overtime provisions of the FLSA, as no recognized exemption covers them.

11. Plaintiff and most, if not all, other EMTs worked extensive amounts of overtime each week. Plaintiff and his co-workers worked 24-hour shifts. Despite this fact, Defendants refused to pay Plaintiff the required overtime premium in violation of the FLSA.

12. At all times relevant to this lawsuit, Defendants have known that they were required to classify their EMTs as employees and pay an overtime premium for hours worked over forty each week, but Defendants willfully refused to do so.

### Causes of Action: Violations of FLSA—
### Failure to Pay Plaintiff the Overtime Premium

13. Plaintiff re-alleges and reincorporate paragraphs 1 through 12 supra.

14. Plaintiff is an employee, not an independent contractor, and is non-exempt from the overtime provisions of the FLSA.

15. The FLSA requires that covered employers pay non-exempt employees an overtime premium of one-and-a-half times the regular rate for each and every hour worked over forty each workweek. Plaintiff further pleads that, at all times relevant hereto, Defendants were well aware that of the overtime provisions of the FLSA and that they were required to pay Plaintiff in compliance with the law. Nevertheless, Defendants failed to pay Plaintiff the required overtime premium. As such, Defendants' wage and hour violations were willful.

16. Accordingly, Plaintiff is entitled to recover his overtime premium and an equal amount in liquidated damages for the time period when he was classified as a contractor—from approximately September 2018 until August 2020. Additionally, because Plaintiff has been compelled to retain legal counsel to bring this action to recover monies due him, Plaintiff is entitled to an award of attorney fees.

### Jury Trial

17. Plaintiff demands a trial by jury.

### Prayer

Plaintiff prays that, upon final judgment, he be awarded the following:

a. All unpaid wages, including unpaid overtime incurred in the three years preceding the filing of this lawsuit;

b. An equal amount in liquidated damages;

c. Attorney fees and costs;

d. Pre- and post-judgment interest;

e. All other relief to which Plaintiff is entitled.

Respectfully submitted,

/s/ MICHAEL V. GALO, JR.
Michael V. Galo, Jr.
State Bar No. 00790734
GALO LAW FIRM, P.C.
4230 Gardendale, Bldg. 401
San Antonio, Texas 78229
Telephone: 210.616.9800
Facsimile: 210.616.9898
mgalo@galolaw.com
ATTORNEY FOR PLAINTIFF
MICHAEL BECKNELL